IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| JOSE SONORA, JR. AND<br>VANESSA GONZALES<br>　　Plaintiffs,<br><br>v.<br><br>GRINNELL SELECT<br>INSURANCE COMPANY<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:22-CV-10 |

### DEFENDANT GRINNELL SELECT INSURANCE COMPANY'S
### NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW Defendant GRINNELL SELECT INSURANCE COMPANY, under 28 U.S.C. § 1446(a), and files this its Notice of Removal of the above-captioned action from the 38th Judicial District Court, Uvalde County, Texas, to the United States District Court for the Western District of Texas, Del Rio Division, on the basis of diversity jurisdiction.

### I. INTRODUCTION

1. Plaintiffs are Jose Sonora, Jr. and Vanessa Gonzales (hereinafter, collectively, "Plaintiffs"). Defendant is Grinnell Select Insurance Company ("Defendant").

2. On January 24, 2022, Plaintiffs filed suit against Defendant in the State District Court of Uvalde County, Texas. *See* Exh. 1, at PLAINTIFFS' ORIGINAL PETITION. Plaintiffs' claims arise from alleged injuries in connection with a motor vehicle accident and Defendant's status as Plaintiffs' alleged uninsured/underinsured motorist insurance carrier. *Id.,* ¶ 12.

3. Defendant Grinnell Select Insurance Company was served with the suit on February 11, 2022, and first received notice of the lawsuit on this same date. Exh. 1-E, Certificate of Service; Exh. 2, Declaration of D. Haven Wojciak, ¶ 7. Defendant files this notice of removal within the

30-day time period required by 28 U.S.C. § 1446(b)(1). Defendant Grinnell Select Insurance Company filed its Original Answer to Plaintiffs' Original Petition and Special Exception in the Uvalde County District Court case on March 4, 2022. Exh. 1. To Defendant's knowledge and belief, no other Defendants have named.

## II. BASIS FOR REMOVAL

4.  Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a). As set forth in Plaintiffs' Original Petition, Plaintiffs are residents of Uvalde, whereas Defendant Grinnell Select Insurance Company is an Iowa Insurance Carrier with a principal place of business in Grinnell, Iowa. Exh. 1-B, PLAINTIFFS' ORIGINAL PETITION, ¶ 3; *see also* Exh. 2, ¶ 3.

5.  Additionally, the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

6.  In analyzing whether the jurisdictional amount in controversy is satisfied, a district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "[T]he amount in controversy is determined by the amount sought on the face of the plaintiff's initial pleading, so long as the plaintiff's claim is made in good faith." *Wilson v. Hibu Inc.,* No. 3:13-CV-2012-L, 2013 WL 5803816, at *2 (N.D. Tex. Oct. 28, 2013), *citing* 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co.,* 134 F.3d at 1253.

7.  Here, because Plaintiffs have both failed to comply with the Texas Rules of Civil Procedure and engaged in a bad faith attempt to avoid removal jurisdiction, the amount in controversy cannot be ascertained from the face of Plaintiffs' Original Petition.

8.      In their Original Petition filed in state court, Plaintiffs do not plead one of the five statutorily-prescribed amounts of relief sought as required by Texas Rule of Civil Procedure 47. *See* Tex. R. Civ. P. 47(c). Instead, Plaintiffs clearly seek to avoid removal by pleading that "Plaintiffs stipulate that the total amount in controversy in this suit does not exceed $74,950.00, and that this amount (exclusive of interest and costs) includes all sums of any kind or character, including actual damages allegedly sustained by Plaintiffs, special damages, exemplary damages, attorney's fees, and any other type of damages or awards that are measurable in money." Exh. 1-B, ¶ 12.

9.      "Texas rules do not permit plaintiffs to request a specific amount of damages beyond one of the ranges [in Rule 47]…Accordingly, when a plaintiff alleges in his Texas state court petition that his claim does not exceed $75,000, his pleading contravenes Texas rules and is an attempt to circumvent federal diversity jurisdiction." *Martinez v. Liberty Ins. Corp.*, No. CV H-19-3956, 2019 WL 6894497, at *2 (S.D. Tex. Dec. 18, 2019) (citations omitted).[1] Indeed, by doing so, Plaintiffs have engaged in bad faith. *Id.* ("The alleged maximum of $74,000 was not made in good faith and therefore does not control the action's amount in controversy."); *see also Chavez v. State Farm Lloyds,* No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016).

10.     As the purported damages-limiting statement in the Plaintiffs' state court petition constitutes bad faith, it does not control the Court's analysis of the amount in controversy. *Avila v. Allstate Tex. Lloyd's,* No. EP-16-CV-00321-DCG, 2016 WL 6915276, at *5 (W.D. Tex. Nov. 23, 2016); *see also Chavez,* 2016 WL 641634, at *2 (holding that plaintiff's statement that her damages

---

[1] Had Plaintiffs wished to avoid removal, they could have filed a binding stipulation or affidavit with their state petition limiting their recovery to less than $75,000 as a matter of law. *St. Paul Reinsurance Co.,* 134 F.3d at 1254 n.18. However, Plaintiffs did not do so. *See Wright v. Normandy Terrace Healthcare & Rehab. Ctr.,* No. SA-12-CA-0622-XR, 2012 WL 2979040, at *2 (W.D. Tex. July 19, 2012) ("an ambiguous stipulation that does not make it clear the plaintiff waives all damages and fees over $75,000 is insufficient."); *see also Tovar v. Target Corp.,* No. SA–04–CA–0557–XR, 2004 U.S. Dist. WL 2283536, at *2 (W.D. Tex. Oct. 7, 2004).

were "less than $75,000.00" were impermissible under Texas law and did not control the court's analysis of the amount in controversy); *Ford v. United Parcel Serv., Inc.* (*Ohio*), Civ. A. No. 3:14–CV–1872–D, 2014 WL 4105365, at *2 (N.D. Tex. Aug. 21, 2014) (same in case where the plaintiff pled damages "not to exceed $74,000").

11. As a result, this Court instead may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). When this evidence is considered, the amount in controversy requirement is conclusively satisifed.

12. Specifically, the amount in controversy is unequivocally established by the pre-suit demand letter issued by Plaintiffs' counsel to Defendant. *See* Exh. 2-A. "Pre-suit demand letters may be submitted as evidence to demonstrate that the amount in controversy exceeds $75,000." *Torres v. Am. Bankers Ins. Co. of Florida*, No. SA-08-CA-126-OG, 2008 WL 11417382, at *2 (W.D. Tex. Mar. 26, 2008), *citing St. Paul Reinsurance Co.*, 134 F.3d at 1254–55 (examining the plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief satisfied the requisite amount in controversy); *see also Molina v. Wal–Mart Stores Texas, L.P.*, No. EP–07–CV–271 –PRM, 2008 WL 555519 at *3 (W.D. Tex. Feb. 27, 2008) (pre-suit demand letters are evidence of amount in controversy); *Hammel v. State Farm Fire & Cas, Co.*, No. 06–7470, 2007 WL 519280 at *4 (E.D. La. Feb.14, 2007) (same; moreover, FED. R. EVID. 408 does not foreclose consideration of plaintiff's demand letter to determine the actual amount in controversy).

13. In a demand letter sent to Defendant on August 31, 2021, Plaintiffs' counsel of record offered to settle Plaintiff Jose Sonora Jr.'s potential claims against Defendant for "$325,000.00, or in the alternative, Mr Sonora's underinsured policy limits for one person,

whichever is less" and to settle Plaintiff Vanessa Gonzalez's potential claims against Defendant for "$24,500.00". Exh. 2-A, p. 5. The per person limits for the underinsured motorist portion of the Grinnell Mutual policy exceeds $75,000. Exh. 2, ¶ 7. Further, Plaintiffs' demand letter makes referenced to potential lumbar spine surgery "with an approximate cost of $123,750.00"—an amount alone sufficient to establish diversity jurisdiction. Exh. 2-A, p. 2.

14. Given Plaintiffs' counsel's own valuation of his clients' claims, there can be no questioning that Plaintiffs' claims satisfy the amount in controversy requirement. Thus, diversity jurisdiction exists and removal to this Court is proper.

### III.  ADDITIONAL INFORMATION

15. Copies of all pleadings, process, orders, other filings in the state court suit and all other documents required by 28 U.S.C. § 1446(a) are attached to this notice as Exhibit 1.

16. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division.

17. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

18. Plaintiffs have demanded a jury in the state-court suit. Exh. 1-C. There are no related cases known at this time.

### IV. CONCLUSION & PRAYER

Removal is proper and this Court has jurisdiction over the claims in this action because complete diversity exists between the parties and because the jurisdictional amount in controversy is satisfied. For these reasons, Defendant asks the Court to remove the suit to the United States District Court for the Western District of Texas, Del Rio Division.

                        Respectfully submitted,

By:   */s/ Michael D. Hudlow*
       Michael D. Hudlow, Jr.
       Texas State Bar No. 24007403
       Federal I.D. No. 34793
       mhudlow@hdr-law.com
       **HOBLIT DARLING RALLS**
         **HERNANDEZ & HUDLOW, LLP**
       802 North Carancahua, Suite 2000
       Corpus Christi, Texas 78401
       (361) 888-9392 —Telephone
       (361) 888-9187 — Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT GRINNELL SELECT INSURANCE COMPANY**

hdrccservice@hdr-law.com
*service by e-mail to this address only

**OF COUNSEL:**
Conner R. Jackson
Federal I.D. No. 2515700
State Bar No. 24087786
cjackson@hdr-law.com
**HOBLIT DARLING RALLS**
  **HERNANDEZ & HUDLOW, LLP**
802 North Carancahua, Suite 2000
Corpus Christi, Texas 78401
(361) 888-9392 - Telephone
(361) 888-9187 – Facsimile

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that a true and correct copy of the foregoing document has been or will be served upon all counsel of record for the interested parties as listed below in accordance with the Federal Rules of Civil Procedure on this the 11th day March, 2022. Service on E-filing Users will be automatically accomplished through the Notice of Electronic Filing; Non-Filing Users will be served by certified mail, return receipt requested and/or via facsimile.

Michael Miller
Law Offices of Michael Miller, P.C.
926 Chulie Drive
San Antonio. Texas 78216
(210) 225-6666; Telephone
(210) 225-2300; Facsimile

and

Charles Shattles
Watkins & Shattles, P.L.L.C.
926 Chulie Drive
San Antonio. Texas 78216
(210) 225-6666; Telephone
(210) 225-2300; Facsimile

**ATTORNEYS FOR PLAINTIFFS**

                                          */s/ Conner Jackson*
                                          Conner Jackson