EXHIBIT "1"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **JOSE SONORA, JR. AND** | § | |
| **VANESSA GONZALES** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:22-CV-10** |
| | § | |
| **GRINNELL SELECT** | § | |
| **INSURANCE COMPANY** | § | |
| **Defendant.** | § | |

## INDEX OF DOCUMENTS FILED

The following is a complete list of all process, pleadings and orders filed and/or served in the cause styled *Jose Sonora, Jr. and Vanessa Gonzales v. Grinnell Select Insurance* Company, Cause No. 2022-01-34132-CV in the 38th Judicial District Court in Uvalde County, Texas and attached to this Notice of Removal:

1-A    Clerk's Docket Sheet from State Court File No. 2022-01-34132-CV;

1-B    1/24/22 Original Petition

1-C    1/24/22 Jury Demand

1-D    2/15/22 Affidavit of Service

1-E    2/25/22 Affidavit of Service

1-F    3/4/22 Defendant's Original Answer to Plaintiff's Original Petition and Special Exception

EXHIBIT "1-A"

UVALDE COUNTY CIVIL DOCKET
CAUSE # 2022-01-34132-CV

======================================================================================

```
  SONORA, JOSE                    ATTORNEY: CHARLES SHATTLES
                                            926 CHULIE DRIVE
                                            SAN ANTONIO, TX 78216
                                            (210)225-6666

  GONZALES, VANESSA               ATTORNEY:

                    -- VS.--

  GRINNELL SELECT INSURANCE COMPANY    ATTORNEY:
```

CAUSE OF ACTION: INJURY OR DAMAGE INVOLVING MOTOR VEH
FILE DATE: 01/25/2022

======================================================================================
DATE                    NATURE OF PROCEEDINGS
======================================================================================
```
01/25/2022        ORIGINAL PETITION CIVIL
 PET-PETITION FILING CODE CHOSEN, PETITION
01/25/2022        COPIES-SERVICE
01/25/2022        ISSUE CITATION
01/25/2022        JURY FEE
01/25/2022        PETITION
 PETITION
01/25/2022        RECEIPT ISSUED
 207100
01/26/2022        CITATION ISSUED
 CITATION ISSUED ON GRINNELL SELECT INSURANCE COMPANY
02/15/2022        NO FEE DOCUMENTS
 AFFIDAVIT OF SERVICE
02/25/2022        NOTICE
 AFFIDAVIT OF SERVICE
03/04/2022        ANSWER/RESPONSE
 DEFENDANT' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND SPECIAL EXCEPTION
```

EXHIBIT "1-B"

Cause No. 2022-01-34132-CV

| | | |
|---|---|---|
| JOSE SONORA, JR. and VANESSA GONZALES, *Plaintiffs*, | § § § § | IN THE DISTRICT COURT |
| vs. | § § | 38TH JUDICIAL DISTRICT |
| GRINNELL SELECT INSURANCE COMPANY, *Defendant*. | § § § | UVALDE COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME JOSE SONORA, JR. and VANESSA GONZALES, hereinafter referred to collectively as "Plaintiffs", complaining of GRINNELL SELECT INSURANCE COMPANY, hereinafter referred to as "Defendant", and for cause of action respectfully show onto the Court the following:

### A. Discovery Control Plan

1.    Plaintiffs affirmatively plead that discovery should be conducted in accordance with a tailored discovery plan under Texas Rule of Civil Procedure 190.4.

### B. Parties

2.    Plaintiffs are residents of Uvalde County, Texas.

3.    Defendant, GRINNELL SELECT INSURANCE COMPANY, an Iowa insurance carrier, may be served with process by serving its designated agent for service of process, David Wingert, 4215 Highway 146, Grinnell, IA 50112.

### C. Venue

4.    Uvalde County is the proper venue for this action pursuant to Section 15.032 of the Texas Civil Practice and Remedies Code because this is the county where the loss at

FILED
1/24/2022 3:04 PM
Christina Ovalle, District Clerk
Uvalde County, TX
By Karen Garza

issue in this action occurred as well as the county in which the policyholders and beneficiaries instituting the suit resided at the time the cause of action accrued.

### D. Facts

5.      On or about September 18, 2020, Plaintiffs sustained bodily injuries in an automobile collision as a direct and proximate result of the negligence of LEONEL ESCALANTE. The collision occurred on U.S. Highway 83 in Uvalde County, Texas. On the date in question, Plaintiffs were stopped for traffic in a road work zone on U.S. Highway 83 when a vehicle driven by LEONEL ESCALANTE rear-ended Plaintiffs' vehicle.

6.      At the time of the collision, LEONEL ESCALANTE was operating his vehicle negligently. LEONEL ESCALANTE's negligence was a proximate cause of Plaintiffs' injuries. LEONEL ESCALANTE had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. LEONEL ESCALANTE breached that duty in one or more of the following ways:

    a.    Failing to timely apply the brakes.
    b.    Failing to maintain a proper lookout.
    c.    Failing to turn the vehicle to avoid the collision.
    d.    Driving the vehicle at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances.
    e.    Following too closely.

7.      The negligence of LEONEL ESCALANTE in the operation of his motor vehicle was a proximate cause of significant damages to Plaintiffs, including the following:

    a.    reasonable and necessary medical expenses in the past;
    b.    reasonable and necessary medical costs in the future;
    c.    physical pain and mental anguish suffered in the past;
    d.    physical pain and mental anguish that, in reasonable probability, will be suffered in the future; and
    e.    physical impairment in the past and future.

8.    At the time of the motor vehicle collision described above, Plaintiffs were covered by an automobile liability policy of insurance issued by Defendant that included underinsured motorist coverage. The motor vehicle causing Plaintiffs' damages as described herein was at all times material to this action an "underinsured motor vehicle" as that term is defined in the policy of insurance issued to Plaintiffs by Defendant.

9.    Plaintiffs timely and properly notified Defendant of his claim under the uninsured provisions of the insurance policy. Nevertheless, Defendant has failed and refused, and still fails and refuses, to pay Plaintiffs the full amounts of benefits owed under this policy as it is contractually required to do.

### E. Declaratory Judgment

10.    Plaintiffs seek a declaratory judgment, pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, declaring that Plaintiffs are entitled to recover from Defendant their damages resulting from the motor vehicle collision described above, that those damages fall within the coverage afforded to Plaintiffs under the automobile insurance policy at issue, and specifying the amounts of damages, interest, and court costs that Defendant is obligated to pay Plaintiffs.

### F. Damages

11.    Defendant's conduct in this matter was the producing and proximate cause of harm to Plaintiffs in that Plaintiffs have lost the benefits and protections afforded by the policy of insurance purchased from the Defendant.

12.    Plaintiffs seek unliquidated damages in an amount that is within the jurisdictional limits of the Court. Plaintiffs stipulate that the total amount in controversy in this suit does not exceed $74,950.00, and that this amount (exclusive of interest and costs)

includes all sums of any kind or character, including actual damages allegedly sustained by Plaintiffs, special damages, exemplary damages, attorney's fees, and any other type of damages or awards that are measurable in money.

### G. Conditions President

13.    All conditions precedent have been performed or have occurred.

### H. Prayer

14.    WHEREFORE, PREMISES CONSIDERED, Plaintiffs requests that Defendant be cited to appear and answer and, that on final trial of this cause, Plaintiffs recover judgment against Defendant for actual damages and interest as provided by law, that the Court enter a declaratory judgment, and such other and further relief, either in law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

MICHAEL MILLER
State Bar No. 00788060
LAW OFFICES OF MICHAEL MILLER, P.C.
926 Chulie Drive
San Antonio, Texas 78216
Tel. (210) 225–6666
Fax (210) 225–2300

and

WATKINS & SHATTLES, P.L.L.C.
926 Chulie Drive
San Antonio, Texas 78216
Tel. (210) 225–6666
Fax (210) 225–2300

By:  /s/ Charles Shattles
         CHARLES SHATTLES
         State Bar No. 24037479
         chuck@wstriallaw.com
         **Attorney for Notice and Service**

EXHIBIT "1-C"

2022-01-34132-CV

Cause No. _____

| | | |
|---|---|---|
| JOSE SONORA, JR. | § | IN THE DISTRICT COURT |
| and VANESSA GONZALES, | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | 38TH _____ JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| GRINNELL SELECT | § | |
| INSURANCE COMPANY, | § | |
| *Defendant.* | § | UVALDE COUNTY, TEXAS |

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff, JOSE SONORA, JR., asserts his right to a trial by jury, under Texas
Constitution article 1, section 15, and makes this demand for a jury trial at least 30 days
before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure
216.

Respectfully submitted,

WATKINS & SHATTLES, P.L.L.C.
926 Chulie Drive
San Antonio, TX 78216
(210) 225-6666
(210) 225-2300 - facsimile

By: /s/ Charles Shattles
        CHARLES SHATTLES
        Texas Bar No. 24037479
        chuck@wstriallaw.com

***Attorneys for Plaintiffs***

EXHIBIT "1-D"

CITATION – Personal Service: TRC99

**THE STATE OF TEXAS:**                                              COUNTY OF UVALDE

CAUSE NO. 2022-01-34132-CV

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at texaslawhelp.org."

TO:      GRINNELL SELECT INSURANCE COMPANY BY SERVING ITS DESIGNATED AGENT DAVID WINGERT
         4215 HIGHWAY146
         GRINNELL, IA 50112

Defendant, GREETING:

You are hereby commanded to appear by filing a written answer to the Plaintiff's PLAINTIFF'S ORIGINAL PETITION at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 38TH DISTRICT COURT of Uvalde County, at the Courthouse in said County in Uvalde, Texas.

Said **Petition** was filed in said court by CHARLES SHATTLES, 926 CHULIE DRIVE, SAN ANTONIO, TX 78216, on the 24th day of January, 2022 in this case, numbered 2022-01-34132-CV on the docket of said court, and styled:

SONORA, JOSE
VS.
GRINNELL SELECT INSURANCE COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of **Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Uvalde, Texas, this 26th day of January, 2022.

CHRISTINA J. OVALLE, DISTRICT CLERK
38TH DISTRICT COURT
Uvalde County, Texas

By: _Karen Garza_
KAREN GARZA, DEPUTY CLERK

---

**Service Return**

Came to hand on the _____ day of _____, 20___, at _____ m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named GRINNELL SELECT INSURANCE COMPANY in person a true copy of this citation, with attached copy(ies) of the _____ at

[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

_____ Sheriff/Constable

_____ County, Texas

Service Fee: $ _____

_____ Deputy/Authorized Person

Service ID No. _____

**VERIFICATION**

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Uvalde District Courts to serve process.
Subscribed and sworn to before me on this the _____ day of _____, 20__

_____ Notary Public

** Service by Rule 106 TRC if directed by attached Court Order



## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Uvalde**              **38th Judicial District Court**

Case Number: 2022-01-34132-CV


BBW2022000917

Plaintiff:
**JOSE SONORA, JR. and VANESSA GONZALES,**
vs.
Defendant:
**GRINNELL SELECT INSURANCE COMPANY,**

Received by POWESHIEK COUNTY SHERIFF'S DEPT. on the        at        to be served on
**GRINNELL SELECT INSURANCE COMPANY, BY SERVING ITS DESIGNATED AGENT FOR
SERVICE OF PROCESS DAVID WINGERT, 4215 HIGHWAY 146, GRINNELL, IA 50112**. I,
DEPUTY M. MASCHMANN____, being duly sworn, depose and say that on the __11TH_ day of
FEBRUARY___, 20_22_ at _8_ :_30 a_.m., executed service by delivering a true copy of the **CITATION /
PLAINTIFFS' ORIGINAL PETITION** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as
_____ of the within-named agency
at_____.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____
at_____.

(X) CORPORATE SERVICE: By serving _BILL SIMONAITIS_____ as
_VICE PRESIDENT /LEGAL DIVISION_
at _4215  HWY 146, GRINNELL, IA 50112____.

( ) OTHER SERVICE: As described in the Comments below by serving
_____ as _____
at_____.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:**_____
_____
_____
_____

Age ____ Sex M F  Race _____ Height _____ Weight _____ Hair _____
Glasses Y  N

FILED

2/15/2022 9:51 AM
Christina Ovalle, District Clerk

Uvalde County, TX

By Dominique Perez

## AFFIDAVIT OF SERVICE For 2022-01-34132-CV

I certify that I have no interest in the above action, am of legal age over the age of 18, and of sound mind, and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the __11TH__
day of __FEBRUARY__, __2022__ by the affiant
who is personally known to me.

_Dawn Dudley_
NOTARY PUBLIC

**DAWN R. DISNEY**
**Commission Number 165385**
**My Commission Expires**
__06/15/2023__

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Pronto Process**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: 2022000917

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2d

EXHIBIT "1-E"

CITATION – Personal Service: TRC99

THE STATE OF TEXAS:

COUNTY OF UVALDE

CAUSE NO. 2022-01-34132-CV

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at texaslawhelp.org."

TO    GRINNELL SELECT INSURANCE COMPANY BY SERVING ITS DESIGNATED AGENT DAVID WINGERT
       4215 HIGHWAY 146
       GRINNELL, IA 50112

Defendant, GREETING

You are hereby commanded to appear by filing a written answer to the Plaintiff's PLAINTIFF'S ORIGINAL PETITION at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 38TH DISTRICT COURT of Uvalde County, at the Courthouse in said County in Uvalde, Texas.

Said Petition was filed in said court by CHARLES SHATTLES, 926 CHULIE DRIVE, SAN ANTONIO, TX 78216, on the 24th day of January, 2022 in this case, numbered 2022-01-34132-CV on the docket of said court, and styled

SONORA, JOSE
VS
GRINNELL SELECT INSURANCE COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Uvalde, Texas, this 26th day of January, 2022.

CHRISTINA J. OVALLE, DISTRICT CLERK
38TH DISTRICT COURT
Uvalde County, Texas

By _____
   KAREN GARZA, DEPUTY CLERK

---

### Service Return

Came to hand on the __9TH__ day of __FEBRUARY__, 20__22__ at __8:57__ a.m. and executed on the __11th__ day of __FEBRUARY__, 20__22__, at __8:30A__ M by delivering to the within named GRINNELL SELECT INSURANCE COMPANY in person a true copy of this citation, with attached copy(ies) of the __PLAINTIFFS ORIGINAL PETITION__ at _____
__4215 HWY 146, GRINNELL, IA 50112__
[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

Service Fee: $ __55.74__

PAID
DATE 2/11/2022
BY: PRONTO PROCESS

Sheriff/Constable
_____ County, Texas  IOWA

_____
Deputy/Authorized Person

Service ID No. _____

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated, upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Uvalde District Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20__

_____ Notary Public

** Service by Rule 106 TRC if directed by attached Court Order

FILED
2/25/2022 2:30 PM
Christina Ovalle, District Clerk
Uvalde County, TX

By Karen Garza



## AFFIDAVIT OF SERVICE

**State of Texas**          **County of Uvalde**          **38th Judicial District Court**

Case Number: 2022-01-34132-CV

BBW2022000917

Plaintiff:
**JOSE SONORA, JR. and VANESSA GONZALES,**
vs.
Defendant:
**GRINNELL SELECT INSURANCE COMPANY,**

Received by POWESHIEK COUNTY SHERIFF'S DEPT. on the          at          to be served on
**GRINNELL SELECT INSURANCE COMPANY, BY SERVING ITS DESIGNATED AGENT FOR
SERVICE OF PROCESS DAVID WINGERT, 4215 HIGHWAY 146, GRINNELL, IA 50112.** I,
DEPUTY M. MASCHMANN              , being duly sworn, depose and say that on the __11TH__ day of
FEBRUARY     , 20 22  at  8 :30 a.m., executed service by delivering a true copy of the **CITATION /
PLAINTIFFS' ORIGINAL PETITION** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as
_____ of the within-named agency
at_____.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____
at_____.

(X) CORPORATE SERVICE: By serving *BILL SIMONAITIS*          as
*VICE PRESIDENT /LEGAL DIVISION*
at *4215 HWY 146, GRINNELL, IA 50112*          .

( ) OTHER SERVICE: As described in the Comments below by serving
_____ as _____
at_____.

( ) NON SERVICE: For the reason detailed in the Comments below

**COMMENTS:**_____
_____
_____
_____

Age ____ Sex M F Race _____ Height _____ Weight _____ Hair _____
Glasses Y N

## AFFIDAVIT OF SERVICE For 2022-01-34132-CV

I certify that I have no interest in the above action, am of legal age over the age of 18, and of sound mind, and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 11th
day of FEBRUARY , 2022 by the affiant
who is personally known to me.

NOTARY PUBLIC

**DAWN R. DISNEY**
**Commission Number 165385**
**My Commission Expires**
06/15/2023

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Pronto Process**
**1406 W Salinas**
**San Antonio, TX 78207**
**(210) 226-7192**

Our Job Serial Number: 2022000917

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2d

EXHIBIT "1-F"

CAUSE NO. 2022-01-34132-CV

| | | |
|---|---|---|
| JOSE SONORA, JR. AND | § | IN THE DISTRICT COURT |
| VANESSA GONZALES | § | |
| | § | |
| VS. | § | 38TH JUDICIAL DISTRICT |
| | § | |
| GRINNELL SELECT | § | |
| INSURANCE COMPANY | § | UVALDE COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS ORIGINAL PETITION AND SPECIAL EXCEPTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GRINNELL SELECT INSURANCE COMPANY ("Defendant"), Defendant in the above-styled and numbered cause, and files this its Original Answer to Plaintiffs Original Petition and Special Exception as well as any amendments or supplements thereto, and respectfully shows unto the Court as follows:

### I.
### SPECIAL EXCEPTIONS

1.      Defendant specially excepts to Plaintiffs' Original Petition insofar as Plaintiffs have failed to state the maximum amount of relief sought and otherwise have failed to comply with Rule 47 of the Texas Rules of Civil Procedure. Accordingly, Defendant requests this Court grant its special exception and require Plaintiffs to amend their Petition to plead the maximum amount of relief sought in conformity with Rule 47(c).

### II.
### GENERAL DENIAL

2.      Defendant generally denies each and every, all and singular, general and specific the allegation contained in Plaintiffs Original Petition and any prior or subsequent petitions thereto, and upon this denial, demands a strict trial of the issues before the Court and to a jury.

FILED
3/4/2022 9:14 AM
Christina Ovalle, District Clerk
Uvalde County, TX
By Kylie Sendejo

### III.
### SPECIAL DENIALS

3.      Defendant specifically denies that all conditions precedent to recovery under the policy made the basis of this suit have been fully and completely satisfied. In particular, Defendant denies that Plaintiffs established legal entitlement to recover from the allegedly underinsured motorist named in Plaintiffs' Original Petition. Defendant also specifically denies Plaintiffs Original Petition, Paragraph 12, in that damages have not been proven, which are a condition precedent to Plaintiffs' recovery herein.

4.      Defendant also specifically denies that it has refused and continues to refuse to pay benefits, denies that Plaintiffs' damages, if any, exceed the named third party tortfeasor's ability to pay damages to which Plaintiffs may be entitled, and denies that the motor vehicle Plaintiffs allege caused Plaintiffs' damages was an "underinsured motor vehicle".

5.      Defendant reserves the right to file an amended answer to plead additional specific denials, if any, as applicable after further investigation and discovery.

### IV.
### AFFIRMATIVE & OTHER DEFENSES

6.      As an affirmative defense, Defendant alleges that the evidence may show that Plaintiffs named third party tortfeasor was not, on the date in question, an underinsured motorist.

7.      Defendant also pleads that Plaintiffs' claims are barred, either in whole or in part, because Plaintiffs have failed to state a claim upon which relief can be granted. Specifically, Defendant alleges that Plaintiffs have not established that there are damages to which Plaintiffs are legally entitled to recover from the named third party tortfeasor.

8.      Defendant further alleges that Plaintiffs have not satisfied the conditions precedent to Plaintiffs' recovery herein. Pleading further, Defendant also alleges that the evidence may show

that there are contractual provisions with which the Plaintiffs have failed to comply.

9.     Defendant alleges that Plaintiffs are not entitled to attorneys' fees pursuant to Texas Civil Practice & Remedies Code § 38.006. Defendant further alleges that attorneys' fees are not awardable since there has been no legal determination of the liability of the alleged third party tortfeasor and Plaintiffs' damages, if any.

10.     Defendant also pleads and alleges that the evidence may show that the damages complained of and claimed by Plaintiffs, if any, were caused by third parties over whom Defendant had no right of control.

11.     Further, Defendant asserts that the evidence may show that Plaintiffs' injuries and/or damages, if any, are the result of preexisting conditions, disease, or disability of Plaintiffs and/or subsequent injuries, accidents, conditions, disease, or disability for which Defendant cannot be held responsible.

12.     By way of affirmative defense, Defendant also alleges that the evidence may show that Plaintiffs' injuries and/or damages, if any, were the result of or increased by Plaintiffs' failure to properly mitigate the nature, extent and/or severity of Plaintiffs' injuries and/or resulting damages, if any.

13.     Defendant also pleads proportionate responsibility.

14.     In the unlikely event the jury finds in favor of Plaintiffs and awards injuries and damages, Defendant specifically reserves any and all rights it has for contribution and/or indemnity against and, further, reserves all rights and remedies provided by Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

15.     Defendant further alleges that Plaintiffs' right to recovery of medical or health care expenses, if any, is limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

TEX. CIV. PRAC. & REM. CODE §41.0105.

16.    Further, should any amount be cast against Defendant in judgment, Defendant is entitled to a credit and off-set for any and all payments made to Plaintiffs for any purpose arising out of the incident and/or claims made the subject of this litigation.

17.    Defendant also alleges that, if the evidence shows that Plaintiffs' damages, if any, do not exceed the available liability insurance, Defendant is entitled to an offset for all available liability insurance.

18.    Defendant further alleges that Plaintiffs' claim for pre-judgment interest is limited by the dates and amounts set forth by statute and Texas case law.

19.    Defendant further alleges that Plaintiffs have not satisfied the conditions precedent to seek declaratory relief.  Pleading further, Defendant alleges that the evidence may show that Plaintiffs' petition for declaratory relief is nothing more than a recasting of Plaintiffs breach of contract claim and that, further, Plaintiffs cannot supply the necessary ingredients to request a binding declaratory judgment because the specific elements or conditions needed to make that request are not present here.

20.    Defendant also alleges that Plaintiffs' damages are limited by the declaration of coverages contained in the policy.

21.    Finally, Defendant reserves the right to assert any additional defenses to which it may be entitled under the United States and Texas Constitutions, any federal or state law, and/or common law.

22.    During trial, Defendant intends to utilize items produced during discovery as self-authenticated.  TEX. R. CIV. P. 193.7.

### III.
### JURY DEMAND

23.    Defendant requests a trial by jury.

Respectfully submitted,

**HOBLIT DARLING RALLS HERNANDEZ & HUDLOW LLP**

By:    /s/ Michael D. Hudlow, Jr.
Michael D. Hudlow, Jr.
State Bar No. 24007403
mhudlow@hdr-law.com
Conner R. Jackson
State Bar No. 24087786
cjackson@hdr-law.com
802 N. Carancahua, Suite 2000
Corpus Christi, Texas 78401
(361) 888-9392 – Telephone
(361) 888-9187 – Facsimile

*service by e-mail to this address only
hdrccservice@hdr-law.com

**ATTORNEYS FOR DEFENDANT GRINNELL SELECT INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2022, a true and correct copy of the foregoing instrument was sent via the means indicated below to the following counsel of record:

### *Via Electronic Service/E-filing:*

Michael Miller
Law Offices of Michael Miller, P.C.
926 Chulie Drive
San Antonio. Texas 78216
(210) 225-6666; Telephone
(210) 225-2300; Facsimile

and

Charles Shattles
Watkins & Shattles, P.L.L.C.
926 Chulie Drive
San Antonio. Texas 78216
(210) 225-6666; Telephone
(210) 225-2300; Facsimile
**ATTORNEYS FOR PLAINTIFFS**

*/s/ Michael D. Hudlow, Jr.*
Michael D. Hudlow, Jr.